**Freddie DUNN, et al., Plaintiffs,**

v.

**NEW YORK STATE DEPARTMENT OF LABOR, et al., Defendants.**

**MUNICIPAL LABOR COMMITTEE, on behalf of the employees it represents, and Municipal Labor Committee, on behalf of the class it represents, Movants,**

v.

**NEW YORK STATE DEPARTMENT OF LABOR, et al., Defendants,**

and

**New York State Unemployment Insurance Appeal Board and Raymond J. Donovan, Secretary of Labor, Respondents.**

No. 73 Civ. 1656 (KTD).

United States District Court, S.D. New York.

Aug. 8, 1984.

240

Westchester Legal Services, Inc., White Plains, N.Y., for plaintiffs; Gerald A. Norlander, White Plains, N.Y., of counsel.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for defendants; Robert A. Forte, Asst. Atty. Gen., New York City, of counsel.

David Raff, New York City, for movant Municipal Labor Committee.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondent Raymond J. Donovan; Frederick M. Lawrence, Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

This was an action for injunctive and declaratory relief commenced by a class of individuals who have been or may be determined ineligible to receive unemployment insurance benefits. Plaintiffs alleged that the failure by defendants to provide prompt administrative hearings on appeals from denials of unemployment benefits violated the Constitution, the Social Security Act, 42 U.S.C. § 503(a)(1), (3), and the Federal Standards for Appeals Promptness, 20 C.F.R. § 650.[1] By decision dated July 13, 1979, I granted plaintiffs' motion for summary judgment and defendants were directed to comply with the Appeals Promptness Standards. *See Dunn v. New York State Department of Labor*, 474 F.Supp. 269, 276 (S.D.N.Y.1979). Judgment for plaintiffs was entered thereafter on November 2, 1979.

Two motions are now before me. First, plaintiffs move pursuant to Fed.R.Civ.P. 70 and Local Civil Rule 43 to adjudge defendants in contempt of the injunctive relief granted to plaintiffs in 1979. Plaintiffs contend that reports filed by the New York State Department of Labor demonstrate that since at least May 1983, members of the plaintiff class have not been receiving hearings on their appeals within the time limits set forth in the Federal Standards for Appeals Promptness.

The second motion is a motion filed by the Municipal Labor Committee ("MLC")[2] pursuant to Fed.R.Civ.P. 71[3] on behalf of the class it represents in *Barcia v. Sitkin*, 79 Civ. 5831 (RLC) and *Municipal Labor Committee v. Sitkin*, 79 Civ. 5899 (RLC). The MLC seeks an order enforcing the permanent injunction and under the All Writs Act, 28 U.S.C. § 1651(a),[4] for an order which would bring Raymond J. Donovan, Secretary of Labor, into this action for the purpose of participation in the formulation of a remedial plan. Defendant New York State Department of Labor and respondent New York State Unemployment Insurance Appeal Board ("Appeal Board") join in MLC's request to have Secretary Donovan brought into this action. Finally, the plaintiffs and the MLC requests that the court direct all parties and movants including the Commissioner to submit a plan for future compliance which takes into account the rights of all interested parties.

### I.

■ The contempt power of a court may be exercised to enforce compliance with a court order when the order is "clear and unambiguous, the proof of noncompliance is 'clear and convincing', and the defendant has not been 'reasonably diligent and energetic in attempting to accomplish what was ordered.'" *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.), *cert. denied*, 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981) (citations omitted). The injunctive provisions of the judgment are clear and defendants do not argue otherwise. Furthermore, it is undisputed that defendants and respondent Appeal Board have failed to comply with the terms of the 1979 order since at least May 1983. Defendants, however, assert that

---

1. The Appeals Promptness Standards require 60 percent of all first level appeals to be rendered within thirty days of the date of appeal and 80 percent of all first level appeals to be rendered within forty-five days of the appeal. 20 C.F.R. § 650.4(b).

2. The Municipal Labor Committee is an association of local unions of employees of the City of New York and related employers such as the Transit Authority, Health and Hospital Corporation, Housing Authority, Off-Track Betting, Board of Education, Board of Higher Education, and the Triborough Bridge and Tunnel Authority. *See* Affirmation of David Raff ¶ 6.

3. Fed.R.Civ.P. 71 provides that "when an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a party."

4. The All Writs Act provides that the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

the statistics establish noncompliance not contempt and that the noncompliance was caused by underbudgeting and manpower shortages. Thus, even though funding and staffing difficulties do not relieve defendants of their duty to render Appeals decisions promptly, defendants will not be held in contempt if they have made "reasonably diligent" efforts to comply.

■ Defendants contend that they adopted a number of measures to compensate for federal funding cuts including increasing the caseload of the individual Administrative Law Judges ("ALJ") and reassigning ALJs from second level appeals to first level appeals. Plaintiffs, on the other hand, assert that defendants have only recently made a few insignificant efforts to comply with the injunction and that defendants' noncompliance has not been caused by cuts in federal funding. Because of the above factual dispute, I find that a hearing is necessary to determine whether the evidence supports a finding of contempt. I turn to MLC's motion to bring the Secretary of Labor into this action.

## II.

■ As a preliminary matter, I must determine whether MLC is a person or entity "in whose favor" an order has been entered. Fed.R.Civ.P. 71. The class of plaintiffs in the MLC actions before Judge Carter consists of "all claimants who are, will be or have been subjected to adverse determinations by the Appeal Board." See Affirmation of David Raff, Exhs. 2, 3. MLC asserts that the class of plaintiffs it represents has a direct interest in the promptness of appeals due to a consent judgment and decree that was entered by Judge Carter on September 14, 1983. The consent judgment related to the fair hearing requirement set forth in the Social Security Act. Because there must be a prudent balance struck between the issuance of timely decisions and the requirements for fair hearings, the MLC class is an interested party. Accordingly, MLC's intervention in this action by way of Fed.R.Civ.P. 71 is proper.

■ The All Writs Act may be invoked to compel a federal court to render such orders "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained . . . ." *United States v. New York Telephone Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977). Indeed, the "power conferred by the Act extends, under appropriate circumstances, to persons [here, the Secretary], who though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice . . . and encompasses even those who have not taken affirmative action to hinder justice." *Id.* at 174, 98 S.Ct. at 373.

The federal government through the Secretary of Labor pays defendant New York State Department of Labor the entire cost of administering the New York State unemployment insurance program. In my July 1979 decision, I rejected defendants' assertion that plaintiffs failed to join an indispensable party—the Secretary of Labor. 474 F.Supp. at 275. I found that defendants' noncompliance did not "arise from underfunding alone." *Id.* Furthermore, I found that complete relief could be afforded without the Secretary and I was reluctant to prolong the matter. However, certain circumstances compel me to change my decision on this point.

The Appeal Board and the MLC agree that the changed circumstances include (1) significant cutbacks in federal funding that resulted in staff shortages; (2) the reopening of 55,000 cases resulting from a decree that had been entered by Judge Carter on September 14, 1983; (3) "the refusal of the Secretary of Labor to treat, for reimbursable funding purposes, all MLC reopened cases as it has other Appeal Board reopened cases" which will lead to additional staffing requirements; and (4) "defendants are locked into a federal funding formula, created from a federal Cost Model Study done in 1979, which does not permit the defendants to reallocate resources to meet

the new needs of defendants." Affirmation of David Raff ¶ 17. After considering the above factors, I have concluded that it is proper under the All Writs Act to bring into this action the Secretary of Labor to assure the effective administration of justice. Accordingly, MLC's motion is granted.

In sum, MLC's motion to join in this action the Secretary of Labor is granted. I reserve decision on plaintiffs' motion for an order of contempt pending a hearing on the contempt issue to be held on September 18, 1984 at 3:00 p.m. in Courtroom 443. At the hearing, the possibility, suggested by Mr. Raff, of all parties and the MLC submitting a plan for future compliance will be discussed.

SO ORDERED.